Ford v. Fourth Lenox Terrace Apartment

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

─────────────────────────────

**CARLTON FORD,**

> *Plaintiff- Counter-Defendant- Appellant,*

> v.                                                    **11-3242-cv**

**FOURTH LENOX TERRACE APARTMENT, HAMPTON MANAGEMENT, JENNIFER FILLIPELLI, OLNICK ORGANIZATION,**

> *Defendants-Counter-Claimants- Appellees.*

─────────────────────────────

**FOR PLAINTIFF - COUNTER-DEFENDANT- APPELLANT:**                     Carlton Ford, *pro se*, Bronx, NY.

**FOR DEFENDANTS- COUNTER-CLAIMANTS- APPELLEES:**                     Jeffrey Steinitz, Forrest Hills, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Carlton Ford, *pro se*, appeals from the district court's grant of summary judgment to defendants-counter-claimants-appellees, dismissing his claims brought pursuant to the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*. *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. *Nationwide Life Ins. Co. v. Bankers Leasing Assoc.*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is only appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment. We affirm for substantially the same reasons stated by the district court in its thorough July 18, 2011 decision.

We have considered all of Ford's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2